IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR ANDREW APODACA,

        Plaintiff,

vs.                                               No. CV 16-01227 WJ/GJF

WARDEN R.C. SMITH, N. ALANIZ,
MRS. MALDONADO, MRS. STRUB,
MAILROOM SUPERVISOR, STEVI
MADERA, GEO GROUP, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR CLASS ACTION DETERMINATION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**THIS MATTER** is before the Court *sua sponte* on the Motion for Class Action Determination (Doc. 5) and Motion for Leave to File an Amended Complaint (Doc. 6) filed by Plaintiff Victor Andrew Apodaca and by non-parties, David Vega and Jolly Gregory on November 21, 2016. Plaintiff Apodaca is proceeding pro se. Plaintiff has filed a Motion for Class Action Determination asking the Court to grant class certification. (Doc. 5). Plaintiff also seeks leave to amend the Complaint to add additional named and unnamed plaintiffs, several additional defendants, and class action allegations. (Doc. 6). The Court denies Plaintiff's Motions.

A court may not certify a class unless it determines the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). When a court reviews the adequacy of the representation under Rule 23(a)(4), it is required to consider not only the character and quality of the named representative party, but also the quality and experience of the attorneys for the class. 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal

Practice and Procedure: Civil § 1769.1 (3d ed.2005). In *Fymbo v. State Farm Fire and Casualty Co.,* 213 F.3d 1320 (10th Cir.2000), the Tenth Circuit concluded that a litigant may bring his own claims to federal court without counsel, but not the claims of others because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.' " *Id.* at 1321 (quoting *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975)); *see also* 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1 (citing cases for the rule that class representatives cannot appear pro se).

The rule against pro se representation of a putative class is particularly important because class litigation must comply with the complex requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(g) mandates appointment of class counsel, unless otherwise provided by statute. *See also* Rule 23(c)(1)(B) (requiring appointment of class counsel when district court certifies class). Importantly, a judgment in a class action may foreclose other class members from later bringing the same claims. *See* Rule 23(c)(3). The Tenth Circuit has stated that this Court may not entrust the claims of other class members to a non-lawyer. *Ransom v. U.S. Postal Serv.*, 170 F. App'x 525, 528–29 (10th Cir. 2006); *see Pilots Against Illegal Dues v. Air Line Pilots Ass'n,* 938 F.2d 1123, 1134 (10th Cir.1991); *Beierle v. Colorado Dep't of Corr.*, 79 F. App'x 373, 375 (10th Cir. 2003). Plaintiff may not, acting pro se, maintain claims on behalf of a class.

Plaintiff Apodaca may not seek to join any additional putative class members as plaintiffs and may not assert class action claims in this case. He may only present his own individual claims, if any. The Court's denial of his Motion for Leave to Amend is without prejudice to his right to seek leave to file an amended complaint as provided in Fed. R. Civ. P. 15 addressing his individual claims. Nor may non-parties David Vega and Jolly Gregory seek to assert claims in

this case without first obtaining the Court's permission by filing a motion in accordance with Fed. R. Civ. P. 20 to join as plaintiffs.  The Court's denial of the Motion for Leave to File an Amended Complaint is also without prejudice to the filing of a proper motion by David Vega or Jolly Gregory seeking leave to join as plaintiffs and to assert any individual claims they may have against Defendants.

    **IT IS ORDERED** the Motion for Class Action Determination (Doc. 5) and Motion for Leave to File an Amended Complaint (Doc. 6) are **DENIED**.

    _____
    UNITED STATES DISTRICT JUDGE