IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR ANDREW APODACA,

    Plaintiff,

vs.                                                                                             No. CV 16-01227 WJ/GJF

WARDEN R.C. SMITH, N. ALANIZ,
MRS. MALDONADO, MRS. STRUB,
MAILROOM SUPERVISOR, STEVI
MADERA, GEO GROUP, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court under 28 U.S.C. §§ 1915(e)(2)(B) and 1914A and Fed. R. Civ. P. 12(b)(6) on the Complaint (Tort) and Amended Complaint filed by Plaintiff Victor Andrew Apodaca Sr. and removed to this Court on November 8, 2016 (Doc. 1-1, 1-2). Also pending before the Court is Defendant Stevi Madera's Motion for More Definite Statement (Doc. 2). The Court will deny Defendant Madera's Motion as moot and will dismiss the Complaint for failure to state a claim on which relief can be granted.

### 1. *Factual and Procedural Background*

Plaintiff Victor Andrew Apodaca, Sr., is a prisoner incarcerated at the Lea County Correctional Facility in Hobbs, New Mexico. (Doc. 1-1 at 1). Plaintiff Apodaca filed his Complaint (Tort) in the First Judicial District Court, County of Santa Fe, State of New Mexico on July 6, 2016. (Doc. 1-1 at 1). Although his Complaint states that the suit is authorized under the New Mexico Tort Claims Act, Chapter 41 N.M.S.A., Apodaca alleges violation of due process and retaliation in violation of First, Fifth, and Fourteenth Amendment constitutional rights. (Doc. 1-1 at 1).

1

In the caption, Plaintiff Apodaca names Warden R.C. Smith, N. Alaniz, Mrs. Maldonado, Mrs. Strub, Mailroom Supervisor, Stevi Madera, and Geo Group as Defendants. (Doc. 1-1 at 1). Plaintiff filed an Amended Complaint on October 13, 2016, naming Secretary of Corrections N.M.C.D. Greg Marcantel, Director Jerry Roark, Employs at L.C.C.F., and Mrs. Gomez as additional Defendants. (Doc. 1-2 at 1).

On November 8, 2016, Defendant Stevi Madera filed a Notice of Removal, removing the case from the State of New Mexico, First Judicial District Court to this Court. (Doc. 1). Defendant Madera removed the case to federal court under 28 U.S.C. §§1331, 1441, and 1446 on the grounds that Plaintiff Apodaca asserts federal constitutional claims. (Doc. 1 at 2). Defendant Madera also filed a Motion for More Definite Statement on November 8, 2016. (Doc. 2).

## 2. *Standards for Failure to State a Claim*

Plaintiff Apodaca is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at

570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,*

907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### 3. *Apodaca's Complaint Fails to State a Claim*

Apodaca's Complaint is filed on a New Mexico state form for claims under the New Mexico Tort Claims Act, N.M.Stat.Ann. § 41-4-1, *et seq*. However, in his Complaint and in the Amended Complaint, Apodaca alleges violation of his rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution. *See* Doc. 1-1 at 2; Doc. 1-2 at 1. The Complaint does not expressly allege causes of action under 42 U.S.C. § 1983. However, 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Therefore, the Court construes Apodaca's claims for violation of rights under the Constitution as civil rights claims brought under 42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

**A. Warden R.C. Smith:** Apodaca names Lea County Correctional Facility Warden R.C. Smith as a Defendant. (Doc. 1-1 at 1). In his Complaint, Apodaca makes the following allegations against Warden Smith:

> "The retaliation started after February 2016 when I filed grievance and filed a 1983 on Geo Group and R.C. Smith." (Doc. 1-1 at 2);

> "Warden R.C. Smith and Mrs. Maldonado & Mrs. Strub believe there idea's are above the courts and constitutional protected Religious Freedom." (Doc. 1-1 at 3).

The Amended Complaint contains no allegations relating to Warden Smith.

Neither the Complaint nor the Amended Complaint state any allegations of individualized conduct by Warden Smith, nor do they identify any acts by Warden Smith that violated Apodaca's constitutional rights. Instead, the Complaint only makes generalized, conclusory statements that retaliation began after Plaintiff filed suit against Warden Smith and that Warden Smith believes his ideas are above the courts and constitution. The allegations of the Complaint and Amended Complaint are factually insufficient to state any plausible claim for

relief against Warden Smith under § 1983. *Robbins v. Oklahoma,* 519 F.3d at 1249-50; *Twombly*, 550 U.S. at 570. The claims against Warden Smith will be dismissed for failure to state a claim for relief.

**B. N. Alaniz and Stevi Madera:** Apodaca also identifies N. Alaniz and Stevi Madera as Defendants. (Doc. 1-1 at 1). However, Apodaca makes no factual allegations, whatsoever, against N. Alaniz or Stevi Madera in either the Complaint or the Amended Complaint. The Complaint and Amended Complaint wholly fail to state any claim for relief against N. Alaniz or Stevi Madera and they will be dismissed. *Ashcroft v. Iqbal,* 556 U.S. at 676.

**C. Mrs. Maldonado and Mrs. Strub:** Mrs. Maldonado and Mrs. Strub are also named as Defendants by Plaintiff Apodaca. As noted, above, the only allegations made against Mrs. Maldonado and Mrs. Strub are that the "believe there idea's are above the courts and constitutional protected Religious Freedom." (Doc. 1-1 at 3). The vague and conclusory allegations against Mrs. Maldonado and Mrs. Strub, again, do not state any factually plausible claim for relief under § 1983. *Fogarty v. Gallegos,* 523 F.3d at 1162.

**D. Geo Group:** As set out, above, Apodaca's Complaint claims that retaliation against him began after he filed a § 1983 suit against Geo Group. (Doc. 1-1 at 2). The only other allegation made by Apodaca is that he "fought for the rights that the New Mexico Corrections Department and Geo Group, Corizon Corp, and Staff and its Corrections Officers violate." (Doc. 1-1 at 4). The Complaint does not identify any involvement by an identified Geo Group official in an alleged constitutional violation nor does it specify how the Geo Group violates any of Apodaca's constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. at 676. Formulaic recitations that Defendants violated constitutional rights are not sufficient to state a plausible claim. *Twombly,*

550 U.S. at 570. The Complaint and Amended Complaint do not state any claim against the Geo Group. *Fogarty v. Gallegos,* 523 F.3d at 1162.

**E. Secretary of Corrections NMCD Gregg Marcantel and Director Jerry Roark:**

The Amended Complaint adds New Mexico Corrections Department Secretary Gregg Marcantel and Director Jerry Roark as named Defendants. (Doc. 1-2 at 1). To the extent Plaintiff Apodaca names Secretary Marcantel or Director Roark in their official capacities, those claims are construed to be claims against the State of New Mexico. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). Section 1983 provides:

> "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and there is no remedy against the State under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64. Therefore, any official capacity claims against Secretary Gregg Marcantel and Director Jerry Roark will be dismissed.

To the extent that Apodaca's claims are against Secretary Marcantel and Director Roark in their individual capacities, the Amended Complaint claims that Defendants Marcantel and Roark are "liable for there [*sic*] policy and actions that hinder or violate the U.S. Constitution" and "are in control over every legal aspect policy making." (Doc. 1-2 at 1, 2). The Amended Complaint, however, does not identify any individualized actions by either Defendant nor does it specify any policy made by either Defendant that violates Apodaca's constitutional rights. The Amended Complaint is factually insufficient to state any § 1983 claim for relief against Secretary Marcantel or Director Roark. *Ashcroft v. Iqbal,* 556 U.S. at 676.

**F. Mrs. Gomez:** Last, in the Amended Complaint, Plaintiff names the Lea County Correctional Facility Grievance Officer, Mrs. Gomez, as a Defendant. Apodaca alleges:

> "Mrs. Gomez be able to be held liable for her actions of not following proper procedures in the Grievance Process that is essential in the Due process of law . . . Mrs. Gomez be added to this civil suit as [she is] in control over every legal aspect of policy making."

(Doc. 1-2 at 1-2). As with the other named Defendants, Apodaca does not allege any actual conduct on the part of Mrs. Gomez, much less conduct that somehow violated his constitutional rights. The Amended Complaint does not state a claim on which relief can be granted against Mrs. Gomez under § 1983. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

**G. Unnamed Individuals:** Plaintiff's Complaint and Amended Complaint do not allege any factually sufficient claim under 42 U.S.C. § 1983 that any named Defendant engaged in individualized conduct in violation of Plaintiff Apodaca's constitutional rights. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 48. However, Plaintiff also makes passing references to other unnamed individuals in his filings and exhibits to the filings. None of the references is factually sufficient to state a claim for relief, and the Court will not search through documents and craft Plaintiff's claims for him. *Hall v. Bellmon,* 935 F.2d at 1110. Plaintiff Apodaca's Complaint and Amended Complaint fail to state a claim for relief and will be dismissed. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. §§ 1915(e)(2)(B); *Twombly*, 550 U.S. at 570.

### *4. Pending Motions*

Pending before the Court is Defendant Madera's Motion for More Definite Statement (Doc. 2). Because the Court determines that the Complaint fails to state a claim for relief against any Defendant and will be dismissed, the Court denies Madera's Motion as moot.

Also pending is Plaintiff Apodaca's letter motion to amend the Complaint with an attached amended complaint. (Doc. 10). In his letter motion to amend, Apodaca seeks to assert

class action claims relating to his incarceration at Lea County Correctional Facility. The Court has already denied Apodaca leave to bring any class action claims in this case. (Doc. 7). The Court will deny Apodaca's letter motion to amend for the same reasons set out in its prior Memorandum Opinion and Order.

### 5. *Apodaca Will Be Granted Leave to Amend*

The Court will grant Plaintiff Apodaca a reasonable opportunity to remedy defects in his pleading. *Reynoldson v. Shillinger,* 907 F.2d at 126. Plaintiff Apodaca will have thirty (30) days from the date of entry of this Order in which to file an amended complaint. If Plaintiff fails to file an amended complaint or files an amended complaint that does not comply with the following directions, the Court may dismiss this action with prejudice and without further notice.

Plaintiff's amended complaint should be concise and must allege some personal involvement by each identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Generalized allegations against "defendants" or "officers", without identification of actors and their individual conduct allegedly causing the deprivation of a constitutional right, will not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The amended complaint must state the individualized facts against each individual and why Plaintiff believes his constitutional rights were violated by each individual. He should include identities of individual defendants and their official positions, a description of their actions, and relevant dates, if available. *See Meade v. Grubbs,* 841 F.2d 1512, 1522 (10th Cir.1988).

**IT IS ORDERED:**

(1) Defendant Madera's Motion for More Definite Statement (Doc. 2) is **DENIED** as moot;

(2) Plaintiff Victor Andrew Apodaca Sr.'s letter motion to amend (Doc. 10) is **DENIED**;

(3) Plaintiff Victor Andrew Apodaca Sr.'s Complaint (Doc. 1-1) and Amended Complaint (Doc. 1-2) are **DISMISSED** without prejudice for failure to state a claim on which relief can be granted; and

(3) Plaintiff Apodaca is granted leave to file an amended complaint that complies with this Memorandum Opinion and Order within thirty (30) days from the date of entry of the Memorandum Opinion and Order. **Failure to file an amended complaint that complies with this Memorandum Opinion and Order shall result in the Court entering an order dismissing this case.**

_____
UNITED STATES DISTRICT JUDGE