IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


VICTOR ANDREW APODACA,

        Plaintiff,

vs.                                                  No. CV 16-01227 WJ/GJF

WARDEN R.C. SMITH, N. ALANIZ,
MRS. MALDONADO, MRS. STRUB,
MAILROOM SUPERVISOR, STEVI
MADERA, GEO GROUP, et al.,

        Defendants.


## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* on the Complaint (Tort) and Amended Complaint filed by Plaintiff Victor Andrew Apodaca Sr. and removed to this Court on November 8, 2016 (Doc. 1-1, 1-2) and on the "File Amended Complaint Proposed" filed by Apodaca on November 13, 2017 (Doc. 21). The Court will deny Plaintiff Apodaca's request to file an amended complaint and will dismiss Plaintiff's claims with prejudice for failure to state a claim on which relief can be granted. The Court will also impose a "strike" under 28 U.S.C. § 1915(g).

At the time of filing of his original Complaint, Plaintiff Victor Andrew Apodaca, Sr., was a prisoner incarcerated at the Lea County Correctional Facility in Hobbs, New Mexico. (Doc. 1-1 at 1). Plaintiff Apodaca filed his Complaint (Tort) in the First Judicial District Court, County of Santa Fe, State of New Mexico on July 6, 2016. (Doc. 1-1 at 1). In the caption, Plaintiff Apodaca named Warden R.C. Smith, N. Alaniz, Mrs. Maldonado, Mrs. Strub, Mailroom Supervisor, Stevi Madera, and Geo Group as Defendants. (Doc. 1-1 at 1). Plaintiff filed an Amended Complaint on October 13, 2016, naming Secretary of Corrections N.M.C.D. Greg

1

Marcantel, Director Jerry Roark, "Employs at L.C.C.F.," and Mrs. Gomez as additional Defendants. (Doc. 1-2 at 1). On November 8, 2016, Defendant Stevi Madera filed a Notice of Removal, removing the case from the State of New Mexico, First Judicial District Court to this Court. (Doc. 1). Defendant Madera removed the case to federal court under 28 U.S.C. §§1331, 1441, and 1446 on the grounds that Plaintiff Apodaca asserts federal constitutional claims. (Doc. 1 at 2).

The Court dismissed Apodaca's Complaint and Amended Complaint, without prejudice, on September 20, 2017. (Doc. 20). The dismissal was based on the Court's determination that, under the standards set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Complaint and Amended Complaint failed to state a factually sufficient or plausible claim for relief against any Defendant. (Doc. 20 at 4-8). Plaintiff Apodaca failed to articulate specific factual allegations of individualized conduct in violation of his constitutional rights. (Doc. 20 at 4-8). The Court also granted Apodaca thirty (30) days to remedy the deficiencies in his pleadings and file an amended complaint. (Doc. 20 at 9). The Memorandum Opinion and Order was mailed to Apodaca's address of record at Northeastern New Mexico Detention Facility ("NENMDF"), where he is presently incarcerated and has been incarcerated since May of 2017. (Doc. 18, Doc. 20). The mailing to Apodaca was not returned as undelivered.

Plaintiff Apodaca did not file an amended complaint or otherwise respond to the Court's Memorandum Opinion and Order within the allotted thirty days. Instead, on November 13, 2017, Apodaca filed his "File Amended Complaint Proposed" (Doc. 21 at 1-4) and the attached "Motion and Memorandum in Brief Answer to order of Dismissal Order for GEO Group Attorneys to Show Cause" (Doc. 21 at 5-8). Doc. 21 does not contain any statement indicating that it was mailed to the Court in accordance with the prisoner mailbox rule. Apodaca indicates

that "plaintiff received this order and memorandum opinion for dismissal and an order of reference relating to prisoner case on November 7, 2017 as the date stamp it was received on September 22, 2017", suggesting that he did not receive the Court's September 20, 2017 Memorandum Opinion and Order until November 7. However, his statement is not sworn under penalty of perjury and he provides no actual evidence to support this claim.

**I. The Court Will Deny the Motion to Amend:** The Court's September 20, 2017 Memorandum Opinion and Order granted Apodaca leave to file an amended complaint within thirty days to remedy the defects in his Complaint and Amended Complaint. (Doc. 20). Under the Court's Memorandum Opinion and Order, the amended complaint was due no later than October 20, 2017. Apodaca did not file an amended complaint within the time granted by the Court and did not request any extension of the Court's deadline. Instead, on November 13, 2017, twenty-four days after the deadline, Apodaca filed his "File Amended Complaint Proposed." (Doc. 21).

In Apodaca's "File Amended Complaint Proposed," he "request[s] leave to file an amended Complaint adding party." (Doc. 21). Because Apodaca's "File Amended Complaint Proposed" was submitted after the time granted by the Court had expired and because the proposed amendment does not remedy the defects in his prior filings but, instead, seeks to add new parties, the Court will construe the "File Amended Complaint Proposed" as a motion for leave to file an amended complaint under Fed. R. Civ. P. 15.

Under Rule 15(a)(2), the Court should freely give leave to amend "when justice so requires." Fed. R. Civ. O. 15(a)(2). Leave to amend is to be liberally granted. However, the courts are not required to indulge in futile gestures and a party moving for leave to amend should present at least a *prima facie* meritorious claim. *DeLoach v. Woodley,* 405 F.2d 496 (5th Cir.

1968); *Kaplan v. United States,* 42 F.R.D. 5 (C.D. Cal. 1967). A court should deny leave to amend under Rule 15(a) where the proposed "amendment would be futile." *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Serv.*, 175 F.3d 848, 859 (10th Cir. 1999). *See, also, In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. at 579-80; *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Apodaca's motion seeks to add Assistant Warden T. Foster, Paralegal/Librarian Dwayne Burris and Warden M. Bowen as Defendants. (Doc. 21 at 1). Apodaca's proposed complaint, however, does not state a claim for relief against the additional Defendants. The sole factual allegation specifically identifying those Defendants states: "A. Warden T. Foster and Dwayne Burris and Warden Bowen are Correctional Officers employed at the New Mexico Corrections Department they are being sued in their individual capacities." (Doc. 21 at 2). The proposed amended complaint does not specify any individualized actions by any of the additional Defendants, nor does it state how any actions by those Defendants violated Apodaca's constitutional rights. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008). The attachments to the motion to amend, similarly, do not suggest circumstances rising to the level of a constitutional violation by any of the proposed additional Defendants. (Doc. 21 at 5-63).[1] *See Trask v. Franco*, 446 F.3d 1036,

---

[1] The attachments include state court filings relating to a case that does not involve the additional Defendants and a grievance proceeding filed by Apodaca over a minor misconduct report relating to two LCCF library books allegedly taken by Apodaca when he left LCCF. The grievance appears to have been resolved by the return of the two books to LCCF and dismissal of the report. *See* Doc. 21 at 22, 43.

1046 (10th Cir. 1998). Moreover, Warden Bowen is warden at NENMDF, not at the LCCF prison which is the subject of his original filings. (Doc. 21 at 43-44).

Plaintiff Apodaca's proposed amended complaint fails to state a claim for relief against any of the additional Defendants under 42 U.S.C. § 1983 and the proposed amendment would be subject to immediate dismissal. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Twombly*, 550 U.S. at 555. Allowing Apodaca to amend would be futile and Apodaca's motion for leave to file an amended complaint will be denied. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991); *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

**II. Apodaca's Pleadings Still Fail to State a Claim for Relief:** The Court previously determined that Plaintiff Apodaca's Complaint and Amended Complaint fail to state a § 1983 claim for relief. Even if the Court were to consider Apodaca's "File Amended Complaint Proposed" as another amended complaint, his filings still fail to state any plausible claim for relief. The Court will dismiss all of his claims, with prejudice, under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. at 48. Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d at 1162. A plaintiff's complaint must "make clear exactly *who* is alleged to have done *what to whom*." *Robbins v. Oklahoma,* 519 F.3d at 1249-50 (emphasis in the original). Generalized allegations against "defendants" or "officers," without identification of individual actors and conduct that caused the deprivation of a constitutional right, do not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

5

As the Court has determined, applying the § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) standards, the original Complaint, Amended Complaint, and "File Amended Complaint Proposed" fail to state a claim for relief under § 1983.

The Complaint and Amended Complaint do not state any plausible claim against Warden Smith. N. Alaniz, Stevi Madera, Mrs. Maldonado, Mrs. Strub, or Mrs. Gomez. The filings make only generalized, conclusory statements that retaliation began after Plaintiff filed suit against Warden Smith and that Warden Smith believes his ideas are above the courts and constitution. (Doc. 1-1 at 3). The only allegations made against Mrs. Maldonado and Mrs. Strub are that they "believe there idea's are above the courts and constitutional protected Religious Freedom." (Doc. 1-1 at 3). As for Mrs. Gomez, Apodaca merely alleges that she is in control over every legal aspect of policy making. (Doc. 1-2 at 1-2). Apodaca makes no factual allegations, whatsoever, against N. Alaniz or Stevi Madera in either the Complaint or the Amended Complaint. The allegations of the Complaint and Amended Complaint are factually insufficient to state any plausible claim for relief against Warden Smith, N. Alaniz, Stevi Madera, Mrs. Maldonado, Mrs. Strub, or Mrs. Gomez under § 1983. *Robbins v. Oklahoma,* 519 F.3d at 1249-50; *Twombly*, 550 U.S. at 570.

Nor do Apodaca's Complaint or Amended Complaint state a claim for retaliation against him by the Geo Group. The only allegation made by Apodaca is that he "fought for the rights that the New Mexico Corrections Department and Geo Group, Corizon Corp, and Staff and its Corrections Officers violate." (Doc. 1-1 at 4). The Complaint and Amended Complaint do not identify any involvement by an identified Geo Group official in an alleged constitutional violation nor does it specify how the Geo Group violates any of Apodaca's constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. at 676.

6

Further, the Complaint and Amended Complaint do not state a § 1983 claim against New Mexico Corrections Department Secretary Gregg Marcantel or Director Jerry Roark. To the extent Plaintiff Apodaca names Secretary Marcantel or Director Roark in their official capacities, those claims are claims against the State of New Mexico. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and there is no remedy against the State under § 1983. *Will,* 491 U.S. at 63-64. To the extent that Apodaca's claims are against Secretary Marcantel and Director Roark in their individual capacities, the Complaint and Amended Complaint do not identify any individualized actions by either Defendant nor do they specify any policy made by either Defendant that violates Apodaca's constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Last, the "File Amended Complaint Proposed" does not remedy any of the defects in Apodaca's prior filings. Even if the Court were to construe Apodaca's filing as the amended complaint required by the Court's September 20, 2017 Memorandum Opinion, the "File Amended Complaint Proposed" still does not identify individual actors and individual conduct that caused the deprivation of a constitutional right. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Instead, the proposed amended complaint continues to make factually insufficient, generalized allegations that "defendants actions of using disciplinary, maliciously and sadistically misuse of the powers under their administration . . . denied the plaintiff due process of law in violation of the Fourteenth Amendment." (Doc. 21 at 3). These generalized, conclusory allegations do not state a sufficient claim for relief. *Twombly*, 550 U.S. at, 555; *Dunn,* 880 F.2d at 1190.

Apodaca's "File Amended Complaint Proposed" also seeks injunctive relief requiring the LCCF "defendants to abide by their own policys and procedures." (Doc. 21 at 3). However, Apodaca is no longer incarcerated at LCCF. (Doc. 18). A prisoner plaintiff may not maintain §

7

1983 claims for temporary, preliminary, or permanent injunctive relief based on conditions of incarceration if the plaintiff is no longer housed at the facility. *See Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir.1997); *White v. State,* 82 F.3d 364, 366 (10th Cir.1996). Once a prisoner is released from the prison facility, injunctive relief would have no effect on defendants' behavior and, therefore, injunctive relief is moot. *Green,* 108 F.3d at 1300; *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). The rule that injunctive relief becomes moot applies both where the prisoner is released from prison and where the prisoner is transferred to a different prison facility. *See Love v. Summit County,* 776 F.2d 908, 910 n. 4, 912 (10th Cir.1985). Any relief for injunctive relief relating to LCCF is now moot.

Apodaca's Complaint and Amended Complaint fail to state a plausible claim for § 1983 relief against any Defendant. Nor is his "File Amended Complaint Proposed" a factually sufficient pleading. Although granted leave to do so, Apodaca has failed to cure the pleading deficiencies in the Complaint and Amended Complaint. The Court will, therefore, dismiss all claims and causes of action in this case with prejudice under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

**_4. The Court Will Impose a § 1915(g) Strike:_** When it enacted the *in forma pauperis* statute, Congress recognized that a citizen should not be denied an opportunity to commence a civil action in any court of the United States solely because he is unable to pay or secure the costs. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Noting that prisoner suits

represent a disproportionate share of federal filings, Congress enacted a variety of reforms designed to filter out deficient claims. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007).

Those reforms include the three-strike rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Because the Court concludes that Apodaca's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the PLRA § 1915(g). Apodaca is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

(1) the "File Amended Complaint Proposed" filed by Plaintiff on November 13, 2017 (Doc. 21), which the Court construes as a motion for leave to file an amended complaint, is **DENIED**;

(2) the Complaint (Tort) and Amended Complaint filed by Plaintiff Victor Andrew Apodaca Sr. and removed to this Court on November 8, 2016 (Doc. 1-1, 1-2) are **DISMISSED** with prejudice for failure to state a claim on which relief can be granted; and

(3) a **STRIKE** is imposed against Plaintiff Apodaca under 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE